# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3779 | **DATE** | 12/18/2002 |
| **CASE TITLE** | SARA JEAN LYONS vs. PREMIUM ARMORED SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 1/29/03 at 9:00 a.m. Plaintiff's motion for default as to defendant [4-1] is withdrawn as moot. Enter Memorandum Opinion And Order. Premium's motion to dismiss Count II of plaintiff's complaint is granted with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | DEC 2 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 13 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 02 DEC 19 PM 2: 03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SARA JEAN LYONS,            )<br>                             )<br>       Plaintiff,            )<br>                             )   No: 02 C 3779<br>    v.                       )<br>                             )   Judge John W. Darrah<br> PREMIUM ARMORED SERVICES, INC., )<br>                             )<br>       Defendant.            ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sara Jean Lyons ("Lyons"), filed a complaint against Defendant, Premium Armored Services, Inc., ("Premium"), alleging discrimination (Count I) and retaliatory discharge (Count II). Presently pending before the Court is Premium's Motion to Dismiss Count II of Plaintiff's Complaint.

In considering a motion to dismiss, the court reviews all facts alleged in the complaint and any inferences reasonably drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted only if the plaintiff can prove no set of facts in support of its claims that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A reading of Lyons' complaint supports the following summary of the alleged conduct of the parties.

In August 2000, Premium hired Lyons as an Administrative Assistant. In November 2000, Lyons learned that she was pregnant; and she and her husband, Phillip

Lyons ("Phillip"), who was also an employee of Premium, advised their respective supervisors of the pregnancy. That same month, the Premium's Human Resources Director repeatedly questioned Lyons about her pregnancy.

While in Premium's employment, Lyons always asked for approval in advance for any absences; all of which were approved and needed for health reasons and for serious family matters. Lyons also successfully completed her probationary period with Premium, received high praise for job performance, and never received notice of any deficiencies in her job performance.

On February 16, 2001, Phillip was injured in a vehicular accident that was work-related. Phillip completed a company accident report shortly after the accident and underwent medical treatment. When receiving medical treatment, Phillip advised the health care providers to bill Premium's workers' compensation insurance carrier for medical services provided. Subsequent to February 16, 2001, Lyons was instructed, or otherwise obtained preapproval beforehand from her supervisor, to take time off from work to transport Phillip to and from the health care providers rendering care for his injuries from the accident.

On February 26, 2001, Lyons' employment at Premium was terminated for excessive absenteeism, poor job performance, and using delivery services for personal reasons. Subsequently, Lyons filed the present lawsuit, alleging in Count I that she was discriminated against because of her pregnancy and, in Count II, that she was terminated in retaliation for her husband's pursuing his rights under the Illinois Worker's Compensation Act.

Premium moves to dismiss Lyons' retaliatory discharge claim in Count II, arguing that a third-party cannot state a claim for retaliatory discharge. Lyons argues that this Court should recognize such a claim. Both parties concede that no Illinois court has recognized the right of a third person to claim retaliation where that person has not exercised some protected right.

A federal court sitting in diversity ascertains the substantive content of state law as it either has been determined by the highest court of that state or as the state's highest court would determine the issue if the issue was before that highest court. *See Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002) (*Allstate*). When undertaking this task, federal courts must take great care and thoroughness with a full realization of the impact of the process. *See Allstate*, 285 F.3d at 638.

As the Illinois Supreme Court has not decided the issue before the Court, this Court must determine how the Illinois Supreme Court would decide the instant issue. Further complicating the Court's task, no Illinois Appellate Court has decided the present issue.

Generally, an employee is an employee-at-will who can be fired for any reason or no reason at all. *See Jacobson v. Knepper & Moga*, 185 Ill. 2d 372, 375-76 (1998) (*Jacobson*). The tort of retaliatory discharge is a limited and narrow exception to this general rule. *Jacobson*, 185 Ill. 2d at 376. To establish a cause of action of retaliatory discharge, a plaintiff must demonstrate that (1) she was discharged in retaliation for her activities and (2) the discharge was in contravention of a clearly mandated public policy. *See Jacobson*, 185 Ill. 2d at 376.

The Illinois Supreme Court has recognized that retaliatory discharge actions are allowed in two settings: (1) when an employee is discharged for filing, or in anticipation of the filing, of a claim under the Workers' Compensation Act (the "Act"); and (2) when an employee is discharged in retaliation for reporting of illegal or improper conduct. *See Jacobson*, 185 Ill. 2d at 376. The court is disinclined to expand the tort of retaliatory discharge. *See Zimmerman v. Buchheit of Spata, Inc.*, 164 Ill. 2d 29, 37 (1995) (*Zimmerman*).

In creating the tort of retaliatory discharge in relation to the filing of a workers' compensation claim, the Court found that the legislature enacted the workers' compensation law to provide for expeditious and efficient remedies for injured employees. *See Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 181-82 (1979) (*Kelsay*). This purpose would be undermined if employers were allowed to terminate employees for seeking compensation under the Act. *See Kelsay*, 74 Ill. 2d at 183. The court could not "ignore" that many employees would be faced with the dilemma of having to choose to retain their jobs in light of the Act supplanting the employees' common law rights. *See Kelsay*, 74 Ill. 2d at 183.

Stressing that the tort of retaliatory discharge is a limited one, the Illinois Supreme Court has refused to allow a retaliatory discharge claim for an employee who was demoted for allegedly filing a workers' compensation claim, *Zimmerman*, 164 Ill. 2d at 39, and for an employee who alleged that he was terminated after he reported his employer's violations of the Fair Debt Collection Practice Act and the Illinois Collection Agency Act, *Jacobson*, 185 Ill. 2d at 376.

4

In the instant case, Lyons seeks to expand the tort of retaliatory discharge to include third parties who have not exercised some protected right, *i.e.*, the filing of a workers' compensation claim. Lyons does not allege, and the Act does not support the theory, that Lyons could file a workers' compensation claim on her own behalf because of her husband's injuries. However, Lyons seeks to expand the tort of retaliatory discharge based on her husband's exercising his protected right. The law fails to support expanding the tort to allow Lyons' claim.

The Workers' Compensation Act makes it unlawful for an employer to interfere with an employees' rights under the Act "because of his or her exercise of the rights or remedies granted to him or by this Act". 820 ILCS 305/4(h). Importantly, it is the injured employee's rights that are protected; nothing in the statute indicates that a third party's rights are protected. *See* 820 ILCS 305/4(h); *Kelsay*, 74 Ill. 2d at 182 ("the legislature enacted the workers' compensation law ... to provide for efficient and expeditious remedies *for injured employees*") (Emphasis added).

Lyons argues at length that her discharge is contravention of clearly mandated public policy, the second requisite of a retaliatory discharge claim. However, Lyons fails to meet the first requisite, discharge in retaliation for *her* activities. Instead, Lyons alleges that she was discharged in retaliation for her husband's activities. Thus, Lyons fails to establish the requisite of the first element of a retaliatory discharge claim.

Furthermore, while Lyons recites general principles of policy found in *Kelsay*, she fails to establish a compelling reason for expanding judicial oversight of the workplace to include alleged retaliation against the family of person who has engaged in some protected activity. *See Zimmerman*, 164 Ill. 2d at 39 (plaintiff failed to establish a

5

compelling reason to expand the tort to include retaliatory demotions, transfers, or other adverse work conditions); *see also Fogleman v. Mercy Hosp., Inc.*, 283 F.3d 561, 570 (3rd Cir. 2002) (denying third-party retaliation claims brought under the Age Discrimination in Employment Act and Pennsylvania Human Relations Act).

In light of the limited and narrow tort of retaliatory discharge, and the facts and law set forth above, Premium's Motion to Dismiss Count II of Plaintiff's Complaint is granted with prejudice.

Dated: December 18, 2002

JOHN W. DARRAH
United States District Judge